UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY,
Individually,

      Plaintiff,

v.                                           Case No: 2:16-cv-806-FtM-29CM

GULF GATE PLAZA, LLC,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant's Motion to Dismiss (Doc. #13) filed on December 13, 2016. Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss (Doc. #16) on January 16, 2017. For the reasons set forth below, the Motion is granted in part and denied in part.

**I.**

On October 13, 2016, plaintiff Patricia Kennedy (Plaintiff) filed a Complaint against Gulf Gate Plaza, LLC (Defendant) alleging violations of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq. (Doc. #1.) Plaintiff, a resident of Broward County, Florida, alleges that she qualifies as a disabled individual under the ADA because she is wheel-chair bound with limited use of her hands. (Id. ¶ 1.) Defendant owns, operates, or leases out property open to the public located in

Collier County, Florida (Gulf Gate Plaza). (Id.) Plaintiff alleges she encountered barriers which limited or denied her access to goods and services offered by the businesses located at Gulf Gate Plaza, and that her access will continue to be limited or denied until Gulf Gate Plaza becomes ADA compliant. (Id. ¶ 8.) Plaintiff alleges that she has visited the Property and plans to return to Gulf Gate Plaza in the near future, both to avail herself of the goods and services provided and to assess ADA compliance. (Id.) Plaintiff alleges that Defendant's failure to maintain Gulf Gate Plaza in compliance with the ADA is discriminatory and deprives her of "the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public." (Id. ¶ 12.) Paragraph 7 of Plaintiff's Complaint describes the existing violations at Gulf Gate Plaza. (See id. ¶ 7.)

Defendant moves to dismiss Plaintiff's complaint for (1) lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because plaintiff lacks standing and (2) failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court agrees in part.

## II.

It is a fundamental principal that federal subject-matter jurisdiction is limited to actual cases or controversies. Spokeo,

Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (citing Raines v. Byrd, 521 U.S. 811, 818 (1997)). The minimum requirement for standing consists of three elements: (1) the plaintiff suffered an injury-in-fact, (2) that is fairly traceable to the defendant's challenged conduct, and (3) that is likely redressable by a favorable judicial decision. Id. (citation omitted). "[A] plaintiff must demonstrate standing separately for each form of relief sought." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). When an injunction is sought, the moving party must also show a continuing threat of injury. Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). To merit injunctive relief, a plaintiff must demonstrate that she suffers the threat of an "'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (citation omitted). The party invoking federal jurisdiction bears the burden of establishing these three elements. Spokeo, 136 S. Ct. at 1547. Where a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element. Id. (omission in original) (citation omitted).

3

After considering all the material submitted by the parties as to the factual challenge to the Plaintiff's standing, the Court concludes that the Plaintiff has clearly demonstrated her standing as a "tester". Havens Realty Corp. v. Coleman, 455 U.S. 363, 363 (1982). See also Kennedy v. Publix Super Markets, Inc., No. 2:16-cv-377-FtM-99CM, 2016 WL 7210885 at *1 (M.D. Fla. Dec. 13, 2016). Court files establish that disabled Plaintiff has filed at least 177 federal lawsuits in the Middle District of Florida alleging discrimination under the ADA, as well as at least 108 federal lawsuits in the Fort Myers Division alone. Therefore, the defendant's Motion to Dismiss for lack of standing is denied.

### III.

Under Rule 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Here, Defendant argues that paragraph 7 of Plaintiff's Complaint is deficient because it does not sufficiently identify where in the shopping center the discriminatory barriers and ADA violations were located, and fails to identify the nature of the alleged ADA violations. (Doc. #13, pp. 5-9.) The Court finds that the ADA violations in paragraph 7 of the Plaintiff's Complaint fail to adequately describe the "what" and "where" necessary for the defendant to frame a responsive pleading. As such, the

Plaintiff's Complaint (Doc. #1) will be dismissed without prejudice with leave to amend.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Defendant Gulf Gate Plaza, LLC's Motion to Dismiss (Doc. #13) is **GRANTED in part and DENIED in part.** The motion is denied as to lack of standing and granted for failure to state a claim.

2.   Plaintiff's Complaint (Doc. #1) is dismissed without prejudice.  Plaintiff may file an Amended Complaint within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of February, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record