UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually,

    Plaintiff,

v.  Case No: 2:16-cv-806-FtM-29CM

GULF GATE PLAZA, LLC,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #22) filed on March 13, 2017. Plaintiff filed a Response in Opposition (Doc. #23) on March 27, 2017. For the reasons set forth herein, the motion is denied.

**I.**

On October 13, 2016, plaintiff Patricia Kennedy (plaintiff or Kennedy) brought this action against Gulf Gate Plaza, LLC (defendant). (Doc. #1.) The Amended Complaint, the operative pleading before the Court, alleges defendant violated Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq. (Doc. #18.)

Plaintiff is a resident of Broward County, Florida, and brings her claims individually and as a "tester" to ensure compliance

with the ADA. (Id. ¶¶ 1, 8, 9.) Plaintiff alleges that she qualifies as a disabled individual under the ADA because she is wheelchair bound with limited use of her hands. (Id. ¶ 1.) Defendant owns, leases, leases to, or operates property located in Collier County, Florida that is open to the public (Gulf Gate Plaza). (Id. ¶ 2.) Plaintiff alleges that upon visiting Gulf Gate Plaza, she encountered barriers which limited or denied her access to goods and services offered by the businesses located at Gulf Gate Plaza, and that her access will continue to be limited or denied until Gulf Gate Plaza becomes ADA compliant. (Id. ¶¶ 7-8.) Specifically, plaintiff alleges that the following violations exist at Gulf Gate Plaza:

**Parking area:**

a. The access aisle adjacent to Big Lots has excessive slopes and cross slopes.
b. The access aisle adjacent to Salon Centric has excessive slopes and cross slopes.
c. The disabled space adjacent to SPC Cleaners has excessive slopes and cross slopes.
d. The disabled parking space adjacent to Metro Nails has excessive slopes and cross slopes.
e. The right access aisle adjacent to Family Dollar has excessive slopes and cross slopes.
f. The right access aisle adjacent to Big Lots has excessive slopes and cross slopes.
g. The handicapped sign in front of Subway lacks the required verb[i]age.
h. There is an insufficient number of compliant parking spaces.

**Monterey Tortilleria & Panaderia:**

a. The unisex restroom lacks compliant door ha[r]dware.
b. The unisex restroom lacks compliant grab bars.
c. The lavatory faucets in the unisex restroom require pinching and grasping.
d. The lavatory in the unisex restroom has exposed pipes.
e. The lavatory in the unisex restroom has insufficient knee clearance.
f. The water closet in the unisex restroom is improperly mounted.
g. Amenities in the unisex restroom (e.g., toilet tissue dispensers, mirrors, etc.) are mounted outside the acceptable reach ranges.
h. The unisex restroom lacks the required turning radius.
i. Stored items encroach on the accessible route to the restroom.
j. The seating area does not provide seating with the required knee clearance nor the required clear floor space.

**Bravo International Supermarket[:]**

a. The meat department counter is mounted at more than 36 inches above the finished floor.
b. The lottery counter is mounted at more than 36 inches above the finished floor.

**Overall violations[:]**

a. As described above, the Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.
b. As described above, the Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

(Id. ¶ 7.)

Plaintiff alleges that she visited Gulf Gate Plaza and plans to return to Gulf Gate Plaza in the near future, both to avail herself of the goods and services provided and to assess ADA compliance. (Id. ¶ 8.) Plaintiff alleges that defendant's failure to maintain Gulf Gate Plaza in compliance with the ADA discriminates against plaintiff "by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages, and/or accommodation of the subject property, as prohibited by 42 U.S.C. § 12182 et seq." (Id. ¶ 15.)

Defendant moves to dismiss plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. (Doc. #22.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

4

accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## III.

Defendant seeks dismissal of plaintiff's Amended Complaint for failure to state a claim because (1) plaintiff fails to allege how or why the supposed violations resulted in discrimination against her; (2) plaintiff improperly includes a "catch-all" provision involving violations which are not actually alleged in

5

the Amended Complaint; and (3) plaintiff fails to allege that removal of the alleged barriers is readily achievable. (Doc. #22.)

In order to state a claim under Title III, a plaintiff must allege: "(1) that she is an individual with a disability; (2) that defendant is a place of public accommodation; and (3) that defendant denied her full and equal enjoyment of the goods, services, facilities or privileges offered by defendant (4) on the basis of her disability." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1299 (11th Cir. 2005) (citation omitted).

The ADA sets forth different standards depending on whether the facility at issue was in existence at the time of, or built after, the enactment of the ADA on January 25, 1993. Gathright-Dietrich v. Atlanta Landmarks, Inc., 452 F.3d 1269, 1272-73 (11th Cir. 2006). The ADA places less rigorous standards on those facilities that were in existence at the time of its enactment. Access Now, Inc. v. S. Fla. Stadium Corp., 161 F. Supp. 2d 1357, 1365 (S.D. Fla. 2001) (citation omitted). For those facilities, in addition to the above elements, a plaintiff also bears the burden of proving that the removal of the barrier is readily achievable.[1] Norkunas v. Seahorse NB, LLC, 720 F. Supp. 2d 1313,

---

[1] With respect to existing places of public accommodation,

> the plaintiff has the initial burden of production to show (1) that an architectural barrier exists; and (2) that the proposed method of architectural barrier removal is

6

1319 n.13 (M.D. Fla. 2010) ("[A] plaintiff must demonstrate that removal of an architectural barrier is readily achievable to establish a *prima facie* ADA case . . . ." (citing Gathright-Dietrich, 452 F.3d at 1273)). "New construction (and alterations to a facility affecting its usability) built after the enactment of the ADA must be designed to make the facility 'readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs' to the maximum extent feasible." Norkunas v. Seahorse NB, LLC, 444 F. App'x 412, 415 (11th Cir. 2011) (quoting 42 U.S.C. § 12183(a)(2)). Therefore, the "[f]ailure to make such construction (and alterations) accessible constitutes intentional discrimination." Id.

As to the first element, the Court finds that plaintiff has sufficiently alleged that she is disabled within the meaning of the ADA as she is unable to walk, has limited use of her hands, and is bound to ambulate in a wheelchair. (Doc. #18, ¶ 1.) This is sufficient to meet the first element. See 29 C.F.R. § 1630.2(g)(1)(i) ("Disability means, with respect to an

---

"readily achievable," i.e., "easily accomplishable and able to be carried out without much difficulty or expense" under the particular circumstances of the case. If the plaintiff meets this burden, the defendant then bears the ultimate burden of persuasion that barrier removal is not "readily achievable."

Gathright-Dietrich, 452 F.3d at 1273 (citations omitted).

7

individual[, a] physical or mental impairment that substantially limits one or more major life activities of such individual[.]"); 42 U.S.C. § 12102(2)(A) ("[M]ajor life activities include . . . walking . . . .").

As to the second element, plaintiff alleges that defendant is a place of public accommodation. (Id. ¶ 2.) The Court finds this sufficient to plead the second element. See 28 C.F.R. § 36.104; Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1240 (11th Cir. 2000) ("Congress has provided, in Title III of the ADA, a comprehensive definition of 'public accommodation.'" (citation omitted)).

As to the third and fourth elements, defendant asserts that plaintiff has failed to allege how the violations alleged in the Amended Complaint are discriminatory against her. (Doc. #22, pp. 3-6.) Specifically, defendant asserts that merely listing the barriers without alleging when, how, and why those barriers resulted in discrimination to the plaintiff is insufficient to state a claim. (Id. at 4-5.) Within the Amended Complaint plaintiff alleges that the listed barriers discriminated against her on the basis of her disability and denied her access to, and the full and equal enjoyment of, the goods, services, facilities, privileges, and /or accommodations of the subject property. (Doc. #18, ¶¶ 7, 8, 15, 17.) The Court finds that these allegations are sufficient to put defendant on notice of what plaintiff alleges

and satisfies the pleading requirements articulated in Twombly[2] and Iqbal.[3]  See Ferguson v. CHC VII, Ltd., 69 F. Supp. 3d 1292, 1295-96 (M.D. Fla. 2014); McBay v. City of Decatur, No. CV-11-S-3273-NE, 2014 WL 1513344, at *4-5 (N.D. Ala. Apr. 11, 2014); Lugo v. 141 NW 20th St. Holdings, LLC, 878 F. Supp. 2d 1291, 1294-95 (S.D. Fla. 2012).  The barriers listed in the Amended Complaint, on their face, are those that would affect an individual bound to a wheelchair with limited use of their hands.  While some courts have required more detail in linking the alleged disability to the encountered barrier, this Court finds that, at least in this matter, that plaintiff's Amended Complaint plausibly alleges that defendant denied plaintiff full and equal enjoyment of the goods, services, facilities, or privileges offered by defendant on the basis of her disability.

Plaintiff's Amended Complaint also contains, what defendant refers to as, "Catch-All" allegations where plaintiff alleges that the list of barriers is not exclusive and that additional violations may be found upon an inspection of the premises. (Doc. #18, pp. 5, 7.)  Defendant asserts that these allegations must be "dismissed to the extent Plaintiff purports to allege barriers which are not expressly identified."  (Doc. #22, p. 6.)  In

---

[2] Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

[3] Ashcroft v. Iqbal, 556 U.S. 662 (2009).

support, defendant cites to Norkunas v. Seahorse NB, LLC, where the Eleventh Circuit held that to the extent that the plaintiff attempted to bring his claim based on barriers that he did not encounter because the area where the barriers were was not accessible to him, he did not have standing to include those barriers in his ADA case. 444 F. App'x at 416. The Court agrees that plaintiff may not base her claim on barriers she did not encounter. However, at this time, based on the four corners of the Amended Complaint, the Court does not find reason to dismiss claims based on other current violations that existed and plaintiff encountered. Should plaintiff attempt to assert claims for barriers she did not encounter, defendant is free to challenge those claims at that time.

Lastly, defendant asserts that plaintiff's ADA claim fails because plaintiff has failed to allege that the removal of the barriers is readily achievable. (Doc. #22, pp. 8-9.) Plaintiff asserts that she is not required to allege that the removal of the barriers is readily achievable because it is an affirmative defense. (Doc. #23, p. 5.) As stated supra, different standards apply depending on whether the facility at issue was in existence at the time of, or constructed after, the enactment of the ADA. Gathright-Dietrich, 452 F.3d at 1272-73.

Here, the Amended Complaint does not allege when Gulf Gate Plaza was constructed. Therefore, at this stage of the proceeding,

and based on the four corners of the Amended Complaint, the Court finds the allegations within the Amended Complaint sufficient.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #22) is **denied.** Defendant shall file a responsive pleading to the Amended Complaint within fourteen (14) days of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __31st__ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record